UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------- X
WILTON JAMES,

           Plaintiff,

   -against-

CERTIFIED LUMBER LLC AND
CERTIFIED LUMBER CORPORATION,

           Defendants.
------------------------------------------------- X

**COMPLAINT**

**Jury Trial Demanded**

23-cv-1463

Plaintiff, Wilton James, by his attorneys, the Law Offices of Russell E. Adler PLLC, for his Complaint against Defendants, Certified Lumber LLC, and Certified Lumber Corporation, alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for race, national origin and disability discrimination, as well as failure to pay final wages and statutory wage notice violations under Title VII, New York State Human Rights Law, New York City Human Rights Law and New York Labor Law.

**JURISDICTION & VENUE**

2. This Court has jurisdiction over this action under 28 U.S.C. §1331, 42 U.S.C. § 2000e, et seq., ("Title VII"), and supplemental jurisdiction over Plaintiff's state and city law claims under the New York State Human Rights Law ("NYSHRL") (NY Executive Law § 290 et seq) and New York City Human Rights Laws ("NYCHRL") (§8-101 et seq. of the New York City Administrative Code) and the New York Labor Law ("NYLL") pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of New York.

1

## ADMINISTRATIVE EXHAUSTION

4. On or about June 30, 2022, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Certified Lumber LLC, alleging race, national origin and disability discrimination, Charge No. 520-2022-06440.

5. Respondent, through counsel identified as representing Defendant, Certified Lumber Corporation, responded to the EEOC charge.

6. On or about January 19, 2023, the EEOC issued a Dismissal and Notice of Rights.

7. Plaintiff timely commenced this action within 90 days of receipt of the Dismissal and Notice of Rights.

## PARTIES

8. Plaintiff, an African American male of Jamaican national origin, is a resident of Brooklyn, New York.

9. Defendant, Certified Lumber LLC, is a domestic limited liability company.

10. Defendant, Certified Lumber Corporation, is a domestic business corporation.

## FACTUAL BACKGROUND

11. Plaintiff commenced employment with Defendants in or about June 2019 as a mechanic.

12. Plaintiff was employed by, and subject to the direction and control of, Certified Lumber LLC's employees.

13. Plaintiff was employed by, and subject to the direction and control of, Certified Lumber Corporation's employees.

14. Plaintiff's wages were paid by Certified Lumber Corporation.

15. At all times relevant in this action, Defendants each employed more than 20 employees.

16. Plaintiff was a diligent and hard-working employee regularly scheduled to work six days a week, sometimes in excess of 75 hours per week.

17. Yiddy Werzberger is Certified Lumber LLC's Chief Operating Officer.

18. Yiddy Werzberger is Certified Lumber Corporation's Chief Operating Officer.

19. Meilech Fellerbaum was Plaintiff's supervisor.

20. Mr. Fellerbaum was employed by Certified Lumber LLC.

21. Mr. Fellerbaum was employed by Certified Lumber Corporation.

22. On several occasions, Mr. Fellerbaum made offensive comments about African Americans or Jamaicans to, or in the presence of, Plaintiff.

23. Prior to Plaintiff's scheduled trip to Jamaica, Mr. Fellerbaum stated that he would not travel to Jamaica because, "Jamaicans like to kill people."

24. On or about April 27, 2021, Plaintiff was in a non-work-related motor vehicle accident.

25. As a result of the motor vehicle accident, Mr. James suffered injuries that required medical treatment, including but not limited to, physical therapy.

26. Plaintiff was diagnosed as suffering from, among other things, herniated and/or bulging spinal discs.

27. On or about June 29, 2021, Plaintiff provided Defendants with a note from ESM Rehab Physical Therapy that stated: "To Whom it May Concern: This letter is in regards to

Mr. Wilton James who is a patient under our care. He is being treated for injuries resulting from a motor vehicle accident on April 27, 2021. He receives physical therapy 3 times a week. Our office hours are Monday-Friday 11 AM -7:30 PM. Thank you in advance. If you have any questions, please feel free to contact this office at the number above."

28. Plaintiff attended physical therapy in accordance with the directions of his medical provider.

29. In a July 21, 2021, letter on Certified Lumber Corporation's letterhead, Defendant wrote to Mr. James: "This letter is to inform you that as a result of your recent actions you are issued this warning letter. Lately you have been absent and leaving early a lot without letting your manager know about it. This is unacceptable and if it will keep occurring you will be permanently terminated."

30. Any alleged absences or tardiness was the result of Plaintiff's attending physical therapy and/or receiving medical care related to his injuries.

31. Defendants imposed disciplinary action against Plaintiff as a result of his attending physical therapy for his diagnosed disability.

32. In late October 2021, Plaintiff learned he required knee surgery.

33. Plaintiff informed Mr. Fellerbaum of his required surgery and that he would need approximately 2 months off from work to recover from surgery.

34. Mr. Fellerbaum responded that if Plaintiff took two months off, he would not have a job.

35. As a result of Mr. Fellerbaum's statement, Mr. James submitted a note from Dr. Sagy Grinberg, dated November 9, 2021, requesting that Plaintiff be excused from work.

36. After receiving the note, Mr. Fellerbaum, again told Mr. James he would not

have a job if he had the surgery.

37. As a result of Mr. Fellerbaum's threat to terminate Plaintiff's employment if he had the surgery, Mr. James cancelled his surgical appointment.

38. On or about March 1, 2022, Plaintiff asked Mr. Werzberger for a $5,000 personal loan and time off to handle his family affairs after a death in the family. Mr. Werzberger initially approved the loan and the requested time off.

39. When Plaintiff returned to his work area that day, he was confronted by Mr. Fellerbaum.

40. Mr. Fellerbaum was angry at Plaintiff for requesting the loan and/or time off and stated to Plaintiff that, "Jewish people don't do things like that, black people do things like that," or words to that effect.

41. The following day, March 2, 2022, Plaintiff's employment was terminated.

42. Defendant's March 3, 2022, termination letter, on Certified Lumber LLC's letterhead, stated: "This letter is being issued as a termination for many reasons. You haven't been cooperating and complying with work orders and work hours, leaving premises without notifying. You were not getting work done in timely matter. This is against our company's expectations and you can no longer work here in Certified Lumber."

43. Plaintiff had no prior history of alleged poor performance or alleged disregard of company policy.

44. Defendants failed to engage in an interactive process, dialogue or communication to determine a reasonable accommodation for Plaintiff's disability.

45. At the time of his termination, Plaintiff was due wages of approximately $1,380 for work performed on February 26, 26, March 1 and 2, 2022.

46. Plaintiff did not receive pay for his final wages until July 2022, more than three months after his termination.

47. The check for his final wages was dated January 1, 2022.

48. Plaintiff was never issued a wage notice in compliance with NYLL § 195.

## FIRST CLAIM
### Disability Discrimination - NYSRHL

49. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, as if separately set forth herein.

50. At all times relevant to this action, Plaintiff was employed by Certified Lumber Corporation within the meaning of the NYSHRL.

51. At all times relevant to this action, Plaintiff was employed by Certified Lumber LLC within the meaning of the NYSHRL.

52. At all times relevant to this action, Defendants were subject to the NYSHRL.

53. Plaintiff suffers from disabilities within the meaning of the NYSHRL.

54. Plaintiff requested reasonable accommodations.

55. Defendants discriminated against Plaintiff on the basis of his disability and/or perceived disability by failing to engage in the interactive process, denying Plaintiff reasonable accommodations and terminating his employment.

56. As a result of Defendants' NYSHRL violations, Plaintiff suffered and continues to suffer damages including, but not limited to, loss or denial of wages, salary, employment benefits and/or other economic harm and emotional distress.

## SECOND CLAIM
### Disability Discrimination - NYCRHL

57. Plaintiff repeats and realleges the allegations contained in the preceding

paragraphs, as if separately set forth herein.

58. At all times relevant to this action, Plaintiff was employed by Certified Lumber Corporation within the meaning of the NYCHRL.

59. At all times relevant to this action, Plaintiff was employed by Certified Lumber LLC within the meaning of the NYCHRL.

60. At all times relevant to this action, Defendants were subject to the NYCHRL.

61. Plaintiff suffers from disabilities within the meaning of the NYCHRL.

62. Plaintiff requested reasonable accommodations.

63. Defendants discriminated against Plaintiff on the basis of his disability and/or perceived disability by failing to engage in the interactive process, denying Plaintiff reasonable accommodations and terminating his employment.

64. As a result of Defendants' NYCHRL violations, Plaintiff suffered and continues to suffer damages including, but not limited to, loss or denial of wages, salary, employment benefits and/or other economic harm and emotional distress.

### THIRD CLAIM
### Race Discrimination – Title VII

65. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, as if separately set forth herein.

66. At all times relevant to this action, Plaintiff was employed by Certified Lumber Corporation within the meaning of Title VII.

67. At all times relevant to this action, Plaintiff was employed by Certified Lumber LLC within the meaning of Title VII.

68. Plaintiff is African American and, therefore, a member of a protected class.

69. Plaintiff was qualified to hold his position as evidenced by, among other things, his approximately two and one-half years of employment with Defendants.

70. Plaintiff was subjected to a hostile work environment based on his race as demonstrated by, among other things, the racists statements of his supervisor.

71. Defendant's discriminatory conduct was severe or pervasive.

72. Defendants' racist statements were intended to and did intimidate, ridicule and insult Plaintiff because of his race.

73. Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's federally protected rights.

74. As a result of Defendants' Title VII violations, Plaintiff suffered and continues to suffer damages including, but not limited to, loss or denial of wages, salary, employment benefits and/or other economic harm and emotional distress.

## FOURTH CLAIM
### Race Discrimination – NYSHRL

75. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, as if separately set forth herein.

76. At all times relevant to this action, Plaintiff was employed by Certified Lumber Corporation within the meaning of the NYSHRL.

77. At all times relevant to this action, Plaintiff was employed by Certified Lumber LLC within the meaning of the NYSHRL.

78. Plaintiff is African American and, therefore, a member of a protected class.

79. Plaintiff was qualified to hold his position as evidenced by, among other things, his approximately two and one-half years of employment with Defendants.

80. Plaintiff was subjected to racist comments that were more than petty slights or trivial inconveniences.

81. As a result of Defendants' NYSHRL violations, Plaintiff suffered and continues to suffer damages including, but not limited to, loss or denial of wages, salary, employment benefits and/or other economic harm and emotional distress.

## FIFTH CLAIM
### Race Discrimination – NYCHRL

82. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, as if separately set forth herein.

83. At all times relevant to this action, Plaintiff was employed by Certified Lumber Corporation within the meaning of the NYCHRL.

84. At all times relevant to this action, Plaintiff was employed by Certified Lumber LLC within the meaning of the NYCHRL.

85. Plaintiff is African American and, therefore, a member of a protected class.

86. Plaintiff was qualified to hold his position as evidenced by, among other things, his approximately two and one-half years of employment with Defendants.

87. Plaintiff was subjected to racist comments that were more than petty slights or trivial inconveniences.

88. As a result of Defendants' NYCHRL violations, Plaintiff suffered and continues to suffer damages including, but not limited to, loss or denial of wages, salary, employment benefits and/or other economic harm and emotional distress.

## SIXTH CLAIM
### National Origin Discrimination – Title VII

89. Plaintiff repeats and realleges the allegations contained in the preceding

paragraphs, as if separately set forth herein.

90. Plaintiff is of Jamaican national origin and, therefore, a member of a protected class.

91. Plaintiff was qualified to hold his position as evidenced by, among other things, his approximately two and one-half years of employment with Defendants.

92. Plaintiff was subjected to a hostile work environment based on his national origin as demonstrated by, among other things, the anti-Jamaican statements of his supervisor.

93. Defendant's discriminatory conduct was severe or pervasive.

94. Defendants' anti-Jamaican statements were intended to and did intimidate, ridicule and insult Plaintiff because of his national origin.

95. Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's federally protected rights.

96. As a result of Defendants' Title VII violations, Plaintiff suffered and continues to suffer damages including, but not limited to, loss or denial of wages, salary, employment benefits and/or other economic harm and emotional distress.

## SEVENTH CLAIM
### National Origin Discrimination – NYSHRL

97. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, as if separately set forth herein.

98. At all times relevant to this action, Plaintiff was employed by Certified Lumber Corporation within the meaning of the NYSHRL.

99. At all times relevant to this action, Plaintiff was employed by Certified Lumber LLC within the meaning of the NYSHRL.

100. Plaintiff is of Jamaican national origin and, therefore, a member of a protected class.

101. Plaintiff was qualified to hold his position as evidenced by, among other things, his approximately two and one-half years of employment with Defendants.

102. Plaintiff was subjected to anti-Jamaican comments that were more than petty slights or trivial inconveniences.

103. As a result of Defendants' NYSHRL violations, Plaintiff suffered and continues to suffer damages including, but not limited to, loss or denial of wages, salary, employment benefits and/or other economic harm and emotional distress.

## EIGHTH CLAIM
### National Origin Discrimination – NYCHRL

104. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, as if separately set forth herein.

105. At all times relevant to this action, Plaintiff was employed by Certified Lumber Corporation within the meaning of the NYCHRL.

106. At all times relevant to this action, Plaintiff was employed by Certified Lumber LLC within the meaning of the NYCHRL.

107. Plaintiff is of Jamaican national origin and, therefore, a member of a protected class.

108. Plaintiff was qualified to hold his position as evidenced by, among other things, his approximately two and one-half years of employment with Defendants.

109. Plaintiff was subjected to anti-Jamaican comments that were more than petty slights or trivial inconveniences.

110. As a result of Defendants' NYCHRL violations, Plaintiff suffered and continues to suffer damages including, but not limited to, loss or denial of wages, salary, employment benefits and/or other economic harm and emotional distress.

## NINTH CLAIM
### Failure to Pay Final Wages – NYLL

111. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, as if separately set forth herein.

112. Following his separation of employment, Defendants failed to pay Plaintiff's wages for his final week of work.

113. Defendants paid Plaintiff's final wages approximately three months after his last day worked.

114. By virtue of Defendants' failure to timely pay Plaintiff's final wages, Plaintiff is entitled to liquidated damages equal to 100% of the unpaid wages.

## TENTH CLAIM
### Failure to Provide Wage Notice – NYLL

115. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs, as if separately set forth herein.

116. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1) containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

117. As a result, Plaintiff is entitled to statutory damages of $5,000, plus reasonable attorneys' fees and costs.

**WHEREFORE,** by reason of the foregoing, Plaintiff respectfully requests that this Court enter judgment awarding Plaintiff:

a) back pay, front pay, the value of lost benefits; compensatory damages and punitive damages in amounts to be determined at trial;

b) Liquidated damages equal to 100% of the unpaid wages;

c) $5,000 in statutory penalties for failure to provide Plaintiff with a wage notice as required by NYLL;

d) Prejudgment and post judgment interest;

e) An award of costs and expenses of this action, together with reasonable attorneys' fees; and

f) Such other and further relief as this Court deems just and proper.

Dated: February 24, 2023

LAW OFFICES OF RUSSELL E. ADLER PLLC

By: _____
Russell E. Adler
450 Lexington Avenue, 4th Floor
New York, New York 10017
646.504.3299
russ@radlerlawpllc.com